GREEN, Plaintiff, v. BARTINE, Judge, et al, Defendants.

## (209 N. W. 650.)

(File No. 6278. Opinion filed July 6, 1926.)

**Mortgages—Mortgagor's Affidavit of Defense to Foreclosure by Advertisement Merely Showing Adverse Decision in Former Proceding, and That Motion for New Trial Was to Be Made, Held Insufficient to Support Order Enjoining Foreclosure by Advertisement (Rev. Code 1919, § 2876).**

Affidavit of defense, under Rev. Code 1919, § 2876, showing that mortgagor's defense to foreclosure by advertisement had been decided adversely, and proceedings were being taken to move for new trial, held insufficient to sustain order of court in which former proceedings were had to enjoin foreclosure by advertisement and directing that further proceedings be had in court.

---

Note.—See, Headnote, American Key-Numbered Digest, Mortgages, Key-No. 338, 27 Cyc. 1454.

Petition by Jerry S. Green for a writ of certiorari against John G. Bartine, as Judge of the Circuit Court of the Eleventh Judicial Circuit of the State of South Dakota, and others. Order of defendant vacated.

*McNamee, O'Keeffe & Stephens,* of Pierre, for Plaintiff.
*M. Q. Sharpe,* of Kennebec, for Defendants.

GATES, P. J.    This matter is before us upon a petition for a writ of certiorari and the return thereto.  No question of fact is involved.  Plaintiff began foreclosure by advertisement of a real estate mortgage.  Pending the publication of the notice of sale the mortgagor presented to Judge Bartine, judge of the circuit court for the county in which the mortgaged premises are situated, an affidavit of defense, and pursuant to the provisions of section 2876, Rev. Code 1919, an order was made enjoining the foreclosure by advertisement and directing that further proceedings be had in court.

The legal sufficiency of that affidavit is the sole question before us.  The above-numbered section of the Code provides that:

"When the mortgagee or his assignee has commenced procedure by advertisement, and it shall be made to appear by affidavit of the mortgagor, his agent or attorney, to the satisfaction of the judge of the circuit court of the county wherein the mortgaged property is situated, that the mortgagor has a legal counterclaim or any other valid defense against the collection of the whole or any part of the amount claimed to be due on such mortgage, such judge may, by an order to that effect, enjoin the mortgagee or his assignee from foreclosing such mortgage by advertisement, and direct that all further proceedings for the foreclosure be had in the circuit court properly having jurisdiction of the subject-matter."

The affidavit alleged:

That the defense of the mortgagor, Schmitt, was that the entire sum claimed to be due on the mortgage had been paid, "the facts in this connection being more particularly specified as follows:  That the said George A. Schmitt having borrowed a sufficient sum of money from the state of South Dakota with which to pay the said mortgage sought to be foreclosed by Jerry S. Green and having deposited said money in the Reliance Savings Bank at Reliance, S. D., and having secured from said bank a legal satisfaction piece of the said mortgage sought to be foreclosed by Jerry S. Green, and having recorded the same, and thereafter the said Reliance Savings Bank having failed, the said

Jerry S. Green failed to secure the money which George A. Schmitt had deposited to his credit in said bank; that thereafter the said Jerry S. Green, in an action in the above-named court, secured a judgment canceling the said satisfaction piece, the legal effect of which would be that said mortgage was not paid; that thereupon said George A. Schmitt within the time required by law served notice of intention to move for a new trial and ordered a transcript of the record and took all steps necessary to move this court for a new trial which affiant verily believes should be and will be granted on the hearing of said action; that this court thereafter by a written order granted a stay of execution under such judgment canceling the said satisfaction piece."

In other words, the showing was that the mortgagor's defense to the foreclosure by advertisement had been decided adversely to him and that proceedings were being taken in that case looking towards a motion for a new trial.

We are of the opinion that upon such showing there was an entire want of jurisdiction in the circuit judge to make the order enjoining the foreclosure by advertisement. It must be remembered that upon such an application the circuit judge is not acting as a court, but merely as a statutory arbiter to determine whether, upon the showing made, "the mortgagor has a legal counterclaim or any other valid defense against the collection of the whole or any part of the amount claimed to be due."

The same judge, sitting as a court in the other action, had determined that there was no such defense. The proper way to review that determination is by motion for new trial and appeal in that case and not by relitigating the same question in a foreclosure in court.

The order enjoining the foreclosure by advertisement is vacated. No costs will be taxed.

KNIGHT, Circuit Judge, sitting in lieu of DILLON, J.